
ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
24TH FLOOR
NEW YORK, NY 10020
T 212.307.5500  F 212.307.5598  www.Venable.com

May 10, 2019

**By ECF**

Jessie F. Beeber

**T 212.808.5677**
**F 212.307.5598**
jbeeber@venable.com

Honorable Barbara Moses
United States Magistrate Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10017

**Re:** *Morgan Art Foundation Ltd. v. James Brannan as Personal Representative of the Estate of Robert Indiana*, **No. 1:18-cv-08231** [related case: *Morgan Art Foundation Ltd. v. McKenzie et al.*, No. 1:18-cv-04438]

Dear Judge Moses:

    This firm is counsel to James W. Brannan, as the Personal Representative of the Estate of Robert Indiana (the "Estate"), in the action referenced above. Pursuant to Federal Rule of Civil Procedure 15(a) and Local Civil Rule 7.1 (d), the Estate respectfully requests leave to file an amended Answer in this action, in order to assert a number of counterclaims against plaintiffs Morgan Art Foundation Ltd. ("Morgan"), Simon Salama-Caro, Shearbrook (US), LLC, Figure 5 Art LLC, and RI Catalogue Raisonne LLC (together "Plaintiffs") related to the issues pled in their First Amended Complaint. This would be the Estate's first amended pleading in this action, and the first time the Estate has asserted any counterclaims in this action. A copy of the Estate's proposed First Amended Answer and Counterclaim is attached to this letter as Exhibit 1.

    Leave to amend is appropriate here. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be freely given in the interest of justice. The Second Circuit has held that "the rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs*, 988 F.2d 344, 350 (2d Cir. 1993).

    Permitting the Estate to file its counterclaims will in no way prejudice Plaintiffs or delay resolution of this action. The parties are actively engaged in document discovery in this action and its companion (Docket no. 1:18-cv-04438), and the current deadline for completion of fact discovery is set for June 18, 2019. *See* Apr. 5, 2019 Order, ECF No. 40. No depositions have yet occurred, and expert discovery has not begun. Further, many of the factual issues underlying the new Counterclaims are already addressed in existing discovery requests. To the extent that



new discovery requests are required, there is sufficient time under the current scheduling order for parties to serve requests and provide responses. The Second Circuit has allowed amendments at far more advanced stages of a litigation. *See, e.g., Hanlin v. Mitchelson*, 794 F.2d 834 (2d Cir.1986) (reversing the district court's denial of leave to amend after discovery had already been completed and defendant had moved for summary judgment). And, courts within this District routinely grant leave during discovery, even in the absence of good cause. *See, e.g., In re Commodity Exchange, Inc. Gold Futures and Options Trading Litig.*; 2017 WL 9480384 at *3 (S.D.N.Y Jun. 8, 2017) (granting leave to amend at the discovery stage without requiring a showing of good cause).

Here, there is good cause to allow the Estate to amend its pleading. The Estate's proposed amended pleading asserts five counterclaims. The first counterclaim is precipitated by a letter that the Estate sent to Plaintiffs today, notifying them that their agreements with Mr. Indiana have terminated, on several grounds, and requiring that they cease acting under authority of those agreements. The counterclaim seeks a declaratory judgment that the termination of these agreements does not constitute a breach of contract by the Estate, as well as an injunction barring Plaintiffs from continuing to act pursuant to the terminated agreements—*e.g.*, from producing and selling works based on images created by Mr. Indiana.

The Estate's second through fifth counterclaims assert breach of fiduciary duty against Mr. Salama-Caro, aiding and abetting breach of fiduciary duty against the remaining Plaintiffs, alter ego liability, and equitable accounting. Each of these counterclaims is based upon information provided to the Estate during discovery, and could not have been asserted sooner.

All of the Estate's counterclaims are inextricably intertwined with the facts and issues already before the Court in this action, and it is therefore in the interest of judicial economy and the convenience of the parties that the Estate's claims be litigated in this action, instead of requiring the Estate to commence a new lawsuit against Plaintiffs. *See generally Asoma Corp. v. SK Shipping Co.*, 53 F. App'x 581 (2d Cir. 2002) (holding that additional allegations concerning the transaction set forth in original pleading should generally be allowed).

Accordingly, the Estate respectfully requests leave to file its First Amended Answer and Counterclaim, substantially in the form attached hereto as Exhibit 1.

                                                      Respectfully,

                                                      */s/ Jessie Beeber*

cc:      All counsel of record (via ECF)