UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 9/6/19 |

MORGAN ART FOUNDATION LIMITED, SIMON
SALAMA-CARO, SHEARBROOK (US), LLC, FIGURE 5
ART LLC, AND RI CATALOGUE RAISONNÉ LLC

PLAINTIFFS,

-AGAINST-

JAMES W. BRANNAN AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF ROBERT INDIANA,

DEFENDANT.

Case No. 18 Civ. 08231 (AT) [rel. 18-cv-04438 (AT)]

## [PROPOSED] ORDER

IT IS ORDERED that the deadlines set forth in the Civil Case Management Plan And Scheduling Order (ECF No. 23), as amended by the Court's April 5, 2019 Order (ECF No. 40) and May 30, 2019 Order (ECF No. 53) are extended as follows:

1.    To the extent any party has not yet responded to written discovery requests served prior to July 17, 2019, that party shall respond no later than **September 30, 3019**.

2.    To the extent any party has not yet completed the production of documents responsive to written discovery requests served prior to July 17, 2019 (or required by prior orders of this Court), that party shall produce all such documents and serve any related privilege log no later than **September 30, 2019**.

3.    Fact depositions may commence on **October 1, 2019.** However, no party shall notice any deposition (or subpoena any nonparty for deposition testimony) until the parties have (a) exchanged lists identifying the depositions they intend to take, and (b) met and conferred in real time (that is, by telephone or in person, not solely via email) in a good faith effort to schedule those depositions so as to maximize efficiency and minimize any unavoidable hardship

1

or inconvenience. The parties are reminded that there is no priority of depositions under the Federal Rules of Civil Procedure.

4. No later than **November 29, 2019,** the parties shall meet and confer in real time on a schedule for expert discovery *(see* ECF No. 23 ¶ (b)). If the parties are unable to agree on interim deadlines for the various expert reports and depositions, they shall submit a joint letter, no later than **December 6, 2019,** setting out their competing versions, without argument.

5. The discovery status conference previously scheduled for November 14, 2019, is adjourned to **January 13, 2020, at 10:30 a.m.,** in Courtroom 20A. One week prior to that date, on **January 6, 2020,** the parties shall submit a joint status letter outlining the progress of discovery to date as well as the progress of their settlement efforts. If no controversies exist at that time, the parties may request that the conference be held telephonically.

6. Fact discovery, including fact depositions, shall be completed no later than **January 30, 2020**.

7. Nothing in this order prohibits the parties from serving follow-up written discovery requests after September 30, 2019. However, depositions will not be held in abeyance pending the service of or response to such requests. All discovery requests and notices must be served in time to allow the party or person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Requests to Admit must be served no later than **45 days prior to the close of fact discovery**.

8. The parties shall meet face-to-face for at least one hour to discuss settlement no later than **February 13, 2020**.

9. The deadline for the parties to request a pre-motion conference with the District Judge regarding summary judgment is **February 13, 2020**.

10.     Expert discovery shall be completed no later than **March 13, 2020**.

11.     Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and Judge Moses's Individual Practices.

12.     Applications for extensions or adjournments of the time limits, deadlines or conferences set forth above must be made by letter-motion, in compliance with Judge Moses's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. Applications made after the expiration of the deadline in question may be summarily denied.

13.     The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

14.     All other provisions of the Court's Civil Case Management Plan and Scheduling Order (ECF No. 23) and Order Regarding General Pretrial Management (ECF No. 27) remain in effect.

Dated: New York, New York
       September 6, 2019

                                        SO ORDERED.

                                        BARBARA MOSES
                                        United States Magistrate Judge

3