UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MORGAN ART FOUNDATION LIMITED,

    Plaintiff,

  -against-

MICHAEL MCKENZIE, et al.,

    Defendants.

18-CV-4438 (AT) (BCM)

---

MORGAN ART FOUNDATION LIMITED, et al.,

    Plaintiff,

  -against-

JAMES W. BRANNAN, *as personal representative of the Estate of Robert Indiana*,

    Defendant.

18-CV-8231 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed the letter-motion for conference filed by Morgan Art Foundation Limited, Simon Salama-Caro, Figure 5 Art LLC, RI Catalogue Raisonne LLC, and Shearbrook (US), LLC (together, the MAF Parties) on January 8, 2020 (Dkt. No. 206 in case No. 18-CV-4438; Dkt. No. 79 in case No. 18-CV-8231), which requests that the Court "set a hearing" on the MAF Parties' request for sanctions stemming from the alleged spoliation of electronically stored information by James W. Brannan, as personal representative of the Estate of Robert Indiana (the Estate), and Jamie Thomas. The Court has also considered the Estate's response dated January 13, 2020. (Dkt. No. 209 in case No. 18-CV-4438; Dkt. No. 82 in case No. 18-CV-8231.) Thomas did not file any response.

Given the severity of the sanctions requested by the MAF Parties – including "litigation-terminating sanctions" – the MAF Parties must file a formal motion supported by properly authenticated evidence. If they wish to do so on the present record, they may proceed in compliance with Local Civil Rule 7.1 and Moses Indiv. Prac. § 2(h), on this schedule:

1. Moving papers: **January 29, 2020**;

2. Opposition papers: **February 12, 2020**; and

3. Reply papers, if any: **February 19, 2020**.

Each party's principal brief shall clearly state (a) whether that party believes that any evidence other than FTI Consulting's November 8, 2019 Summary of Findings (Dkt. No. 206-1 in case No. 18-CV-4438; Dkt. No. 79-1 in case No. 18-cv-8231) and Jamie Thomas's October 22, 2019 Amended Responses and Objections to Plaintiff's Second Set of Interrogatories (Dkt. No. 206-2 in case No. 18-CV-4438; Dkt. No. 79-2 in case No. 18-cv-8231) is relevant to the MAF Parties' motion, in which case that party shall attach authenticated copies of any such evidence, and (b) whether that party requests a hearing, in which case that party shall state the names of the witnesses it intends to call at such a hearing, as well as the subject matter of each witness's anticipated testimony.

Alternatively, the MAF Parties may reserve their sanctions motion until the completion of fact discovery (including depositions). The MAF Parties are advised that if they choose to file their motion now, the Court does not intend to delay briefing or decision on that motion to accommodate discovery, nor to permit the MAF Parties to renew or supplement their motion at a later date. If the MAF Parties do not file their sanctions motion by January 29, 2020, they shall reserve that motion until the close of fact discovery.

The Clerk of Court is respectfully directed to terminate the letter-motions at Dkt. No. 206 (in case No. 18-CV-4438) and Dkt. No. 79 (in case No. 18-CV-8231).

Dated: New York, New York  **SO ORDERED**.
January 15, 2020

_____
**BARBARA MOSES**
**United States Magistrate Judge**