UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN ART FOUNDATION LIMITED, FIGURE 5 ART LLC, SHEARBROOK (US) LLC, RI CATALOGUE RAISONNÉ LLC, AND SIMON SALAMA-CARO,<br><br>PLAINTIFFS,<br><br>-AGAINST-<br><br>JAMES W. BRANNAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT INDIANA,<br><br>DEFENDANTS. | Case No. 18-cv-08231 (AT) [rel. 18 Civ. 04438 (AT)] |
| JAMES W. BRANNAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT INDIANA,<br><br>COUNTERCLAIM-PLAINTIFF,<br><br>-AGAINST-<br><br>MORGAN ART FOUNDATION LIMITED, FIGURE 5 ART LLC, SHEARBROOK (US) LLC, RI CATALOGUE RAISONNÉ LLC, AND SIMON SALAMA-CARO,<br><br>PLAINTIFFS. | |

**PLAINTIFFS' ANSWER TO THE AMENDED COUNTERCLAIMS OF DEFENDANT
<u>JAMES W. BRANNAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT INDIANA</u>**

Plaintiffs and Counterclaim-Defendants Morgan Art Foundation Limited ("MAF"), Simon Salama-Caro, Shearbrook (US), LLC, Figure 5 Art LLC, and RI Catalogue Raisonné LLC (together, "Plaintiffs"), by and through their attorneys Quinn Emanuel Urquhart & Sullivan, LLP, as and for their Answer to the Amended Counterclaims (ECF No. 52) of Defendant James W. Brannan as Personal Representative of the Estate of Robert Indiana (the "Estate"), state as follows:

203. Plaintiffs neither admit nor deny the allegations in Paragraph 203 because they state a legal conclusion to which no response is required. To the extent a response is necessary, the allegations are denied.

204. Plaintiffs deny the allegations in Paragraph 204, except that Plaintiffs admit that MAF and Salama-Caro were champions of Robert Indiana, cared about his personal welfare, and cared about promoting his legacy and building a market for his works.

205. Plaintiffs deny the allegations in Paragraph 205, except that Plaintiffs admit that Salama-Caro approached Indiana and offered to act as his agent in the art market.

206. Plaintiffs deny the allegations in Paragraph 206, except that to the extent the allegations in Paragraph 206 purport to characterize the allegations in Plaintiffs' First Amended Complaint (ECF No. 14), MAF's First Amended Complaint in *Morgan Art Foundation Ltd. v. McKenzie, et al.*, No. 18-cv-4438 (S.D.N.Y.), and the agreements between Indiana and MAF and Salama-Caro, which speak for themselves, Plaintiffs respectfully refer the Court to those documents for their contents, and admit the terms of those documents.

207. Plaintiffs deny the allegations in Paragraph 207, except that to the extent the allegations in Paragraph 207 purport to characterize the agreements between Indiana and MAF and Salama-Caro, which speak for themselves, Plaintiffs respectfully refer the Court to those documents for their contents, and admit the terms of those documents.

208. Plaintiffs deny the allegations in Paragraph 208, except that Plaintiffs admit they created *LOVE* sculptures made from granite, and to the extent the allegations in Paragraph 208 purport to characterize the Sculpture Agreement and the Marble Sculpture Agreements, which speak for themselves, Plaintiffs respectfully refer the Court to those documents for their contents, and admit the terms of those documents.

209. Plaintiffs deny the allegations in Paragraph 209.

210. Plaintiffs deny the allegations in Paragraph 210, except that to the extent the allegations in Paragraph 210 purport to characterize the agreements between Indiana and MAF and Salama-Caro, which speak for themselves, Plaintiffs respectfully refer the Court to those documents for their contents, and admit the terms of those documents.

211. Plaintiffs deny the allegations in Paragraph 211, except that to the extent the allegations in Paragraph 211 purport to characterize the agreements between Indiana and MAF and Salama-Caro, which speak for themselves, Plaintiffs respectfully refer the Court to those documents for their contents, and admit the terms of those documents.

212. Plaintiffs deny the allegations in Paragraph 212, except that Plaintiffs admit they have lent and donated Indiana works.

213. Plaintiffs deny the allegations in Paragraph 213, except that Plaintiffs admit that Indiana signed an agreement stating that Salama-Caro would create a catalogue of Indiana's works and that Indiana permitted Figure 5 Art to operate the website www.RobertIndiana.com and display Indiana's works on that site.

214. Plaintiffs deny the allegations in Paragraph 214, except that Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegation that the Estate knows very little about Morgan.

215. Plaintiffs deny the allegations in Paragraph 215, except that Plaintiffs admit that Morgan Art Foundation Limited previously operated under the name Morgan Consolidated Ltd., and the Estate's allegations concerning Bahamian law state legal conclusions to which no response is required.

216. Plaintiffs deny the allegations in Paragraph 216, except that Plaintiffs admit that MAF filed a lawsuit against Indiana and others on May 18, 2018, and that Indiana died the day after MAF filed suit.

217. Plaintiffs admit that the Estate filed this lawsuit, state that the lawsuit is meritless, and to the extent the allegations in Paragraph 217 purport to characterize the Estate's Answer and Counterclaims against Plaintiffs in *McKenzie*, which speaks for itself, Plaintiffs respectfully refer the Court to that document for its contents.

218. Plaintiffs deny the allegations in Paragraph 218, except that to the extent the allegations in Paragraph 218 purport to characterize the Estate's May 10, 2019 letter, which speaks for itself, Plaintiffs respectfully refer the Court to that document for its contents and deny any allegations inconsistent therewith.

219. Plaintiffs deny the allegations in Paragraph 219, and deny that the Estate is entitled to any of the relief it seeks therein.

220. Plaintiffs deny the allegations in Paragraph 220 and deny that the Estate is entitled to any of the relief it seeks therein.

221. Plaintiffs deny the allegations in Paragraph 221, except that Plaintiffs admit that Robert Indiana was a world-renowned American artist, famous for his iconic works such as the LOVE sculpture, and that he lived on the island of Vinalhaven when he died on May 19, 2018.

222. Plaintiffs admit the allegations in Paragraph 222.

223. Plaintiffs deny the allegations in Paragraph 223, except that Plaintiffs admit that Morgan was a Bahamas limited liability company.

224. Plaintiffs admit the allegations in Paragraph 224.

225. Plaintiffs deny the allegations in Paragraph 225, except that Plaintiffs admit that Shearbrook (US), LLC is a New York limited liability company, and that Simon Salama-Caro at least partly owns or manages Shearbrook.

226. Plaintiffs deny the allegations in Paragraph 226, except that Plaintiffs admit that RI Catalogue Raisonné LLC is a New York limited liability company, and that Simon Salama-Caro at least partly owns or manages RI Catalogue Raisonné LLC.

227. Plaintiffs deny the allegations in Paragraph 227, except that Plaintiffs admit that Figure 5 Art LLC is a New York limited liability company, and that Simon Salama-Caro at least partly owns or manages Figure 5 Art LLC.

228. Plaintiffs deny the allegations in Paragraph 228.

229. Plaintiffs deny the allegations in Paragraph 229.

230. Plaintiffs deny the allegations in Paragraph 230.

231. Plaintiffs deny the allegations in Paragraph 231.

232. Plaintiffs deny the allegations in Paragraph 232, except that Plaintiffs admit that Salama-Caro acted as Indiana's agent in the art market.

233. Plaintiffs deny the allegations in Paragraph 233, except that Plaintiffs admit that Salama-Caro knew that Indiana had achieved global recognition in the 1960s and 1970s.

234. Plaintiffs deny the allegations in Paragraph 234, except that Plaintiffs admit that Salama-Caro traveled to Vinalhaven for meetings with Indiana in the 1990s.

235. Plaintiffs deny the allegations in Paragraph 235, except that Plaintiffs admit that Indiana entered into an agreement with MAF on or about April 9, 1999 (the "April 1999 Agreement"), and to the extent the allegations in Paragraph 235 purport to characterize the April

1999 Agreement, which speaks for itself, Plaintiffs respectfully refer the Court to that document for its content, and admit the terms of the document.

236. Plaintiffs deny the allegations in Paragraph 236.

237. Plaintiffs deny the allegations in Paragraph 237, except that Plaintiffs admit that the Agreement contains the quoted language, admit that Morgan had discretion to sell artworks, admit that the Agreement contained a list of permissible expenses, and admit that Indiana would receive 50% of the net income.

238. Plaintiffs deny the allegations in Paragraph 238, except that to the extent the allegations in Paragraph 238 purport to characterize the April 1999 Agreement, which speaks for itself, Plaintiffs respectfully refer the Court to that document for its content, and admit that the Agreement contains the quoted language.

239. Plaintiffs deny the allegations in Paragraph 239, except that Plaintiffs admit that the April 1999 Agreement was prepared by an attorney and deny knowledge or information sufficient to form a belief as to the truth of the allegation that Indiana was not represented by legal counsel in connection with the April 1999 Agreement.

240. Plaintiffs deny the allegations in Paragraph 240, except that Plaintiffs admit that Indiana signed a modification of the April 1999 Agreement (the "Signature Agreement"), and to the extent the allegations in Paragraph 240 purport to characterize the Signature Agreement, which speaks for itself, Plaintiffs respectfully refer the Court to that document for its content and admit the terms of the Agreement.

241. Plaintiffs deny the allegations in Paragraph 241, except that Plaintiffs admit that the Signature Agreement was prepared by an attorney, and deny knowledge or information sufficient

to form a belief as to the truth of the allegation that Indiana was not represented by legal counsel in connection with the Signature Agreement.

242. Plaintiffs deny the allegations in Paragraph 242, except that Plaintiffs admit that Indiana signed an agreement on or about December 22, 1999 (the "Sculpture Agreement"), and to the extent the allegations in Paragraph 242 purport to characterize the Sculpture Agreement, which speaks for itself, Plaintiffs respectfully refer the Court to that document for its content and admit the terms of the Agreement.

243. Plaintiffs deny the allegations in Paragraph 243.

244. Plaintiffs deny the allegation in Paragraph 244, except that Plaintiffs admit that Morgan had discretion to sell artworks and admit that Indiana would receive 20% of the net income received.

245. Plaintiffs deny the allegations in Paragraph 245, except that Plaintiffs admit that the Sculpture Agreement was prepared by an attorney, and deny knowledge or information sufficient to form a belief as to the truth of the allegation that Indiana was not represented by legal counsel in connection with the Sculpture Agreement.

246. Plaintiffs deny the allegations in Paragraph 246, except that to the extent the allegations in Paragraph 246 purport to characterize MAF's First Amended Complaint in *McKenzie*, which speaks for itself, Plaintiffs respectfully refer the Court to that document for its contents, Plaintiffs admit that MAF and Salama-Caro cannot yet locate a copy of the amended agreement, and Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations that the Estate has not seen a copy of the 2004 Amendment.

247. Plaintiffs deny the allegations in Paragraph 247.

248. Plaintiffs deny the allegations in Paragraph 248, except state that Morgan was permitted to fabricate marble sculptures.

249. Plaintiffs deny the allegations in Paragraph 249.

250. Plaintiffs deny the allegations in Paragraph 250, except that Plaintiffs admit that the Marble Sculpture Agreements were drafted by Simon Salama-Caro following discussions and agreement with Indiana, and admit that neither Salama-Caro nor Indiana were represented by legal counsel or discussed seeking legal counsel in connection with the Marble Sculpture Agreements.

251. Plaintiffs deny the allegations in Paragraph 251, except that to the extent the allegations in Paragraph 251 purport to characterize the April 1999 Agreement, the Sculpture Agreement, the Marble Sculpture Agreements, or any amendments or modifications to those agreements, which speak for themselves, Plaintiffs respectfully refer the Court to those documents for their content and admit the terms of those documents.

252. Plaintiffs deny the allegations in Paragraph 252.

253. Plaintiffs deny the allegations in Paragraph 253, except that to the extent the allegations in Paragraph 253 purport to characterize the April 1999 Agreement, the Sculpture Agreement, the Marble Sculpture Agreements, or any amendments or modifications to those agreements, which speak for themselves, Plaintiffs respectfully refer the Court to those documents for their content and admit the terms of those documents.

254. Plaintiffs deny the allegations in Paragraph 254, except that Plaintiffs admit that Indiana signed a letter authorizing Salama-Caro and RI Catalogue Raisonné, to prepare a catalogue raisonné of Indiana's works, and to the extent the allegations in Paragraph 254 purport to characterize that letter, which speaks for itself, Plaintiffs respectfully refer the Court to that document for its content, and admit the terms of the document.

255. Plaintiffs deny the allegations in Paragraph 255, except that Plaintiffs admit that Figure 5 operated the website www.RobertIndiana.com, and to the extent that the allegations in Paragraph 255 purport to characterize the allegations in Plaintiffs' First Amended Complaint, which speaks for itself, Plaintiffs respectfully refer the Court to that document for its content and admit the allegations in that document.

256. Plaintiffs deny the allegations in Paragraph 256, except that Plaintiffs admit that Salama-Caro held himself out as Indiana's agent in the global art market.

257. Plaintiffs deny the allegations in Paragraph 257, except that to the extent the allegations in Paragraph 257 purport to characterize the agreements between Indiana and MAF and Salama-Caro, which speak for themselves, Plaintiffs respectfully refer the Court to those documents for their contents, and admit the terms of those documents.

258. Plaintiffs deny the allegations in Paragraph 258.

259. Plaintiffs deny the allegations in Paragraph 259.

260. Plaintiffs deny the allegations in Paragraph 260.

261. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth here.

262. Plaintiffs deny the allegations in Paragraph 262.

263. Plaintiffs deny the allegations in Paragraph 263.

264. Plaintiffs deny the allegations in Paragraph 264.

265. Plaintiffs deny the allegations in Paragraph 265, except that Plaintiffs admit that the Estate sent a letter to MAF and Salama-Caro on May 10, 2019, and to the extent the allegations in Paragraph 265 purport to characterize the contents of the Estate's May 10, 2019 letter, which

speaks for itself, Plaintiffs respectfully refer the Court to that document for its content and deny any allegations inconsistent therewith.

266. Plaintiffs deny the allegations in Paragraph 266.

267. Plaintiffs deny the allegations in Paragraph 267.

268. Plaintiffs deny the allegations in Paragraph 268, except admit that a dispute exists between the parties.

269. Plaintiffs deny the allegations in Paragraph 269, except admit that a dispute exists between the parties.

270. Plaintiffs deny the allegations in Paragraph 270, except admit that a dispute exists between the parties.

271. Plaintiffs deny the allegations in Paragraph 271, except admit that a dispute exists between the parties.

272. Plaintiffs deny the allegations in Paragraph 272.

273. Plaintiffs deny the allegations in Paragraph 273.

274. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth here.

275. Plaintiffs deny the allegations in Paragraph 275, except that Salama-Caro admits that he acted as Indiana's agent in the art market.

276. Plaintiffs deny the allegations in Paragraph 276.

277. Plaintiffs deny the allegations in Paragraph 277.

278. Plaintiffs deny the allegations in Paragraph 278.

279. Plaintiffs deny the allegations in Paragraph 279.

280. Plaintiffs deny the allegations in Paragraph 280.

281. Plaintiffs deny the allegations in Paragraph 281.

282. Plaintiffs deny the allegations in Paragraph 282.

283. Plaintiffs deny the allegations in Paragraph 283.

284. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth here.

285. Plaintiffs deny the allegations in Paragraph 285.

286. Plaintiffs deny the allegations in Paragraph 286.

287. Plaintiffs deny the allegations in Paragraph 287.

288. Plaintiffs deny the allegations in Paragraph 288.

289. Plaintiffs deny the allegations in Paragraph 289.

290. Plaintiffs deny the allegations in Paragraph 290.

291. Plaintiffs deny the allegations in Paragraph 291.

292. Plaintiffs deny the allegations in Paragraph 292.

293. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth here.

294. Plaintiffs deny the allegations in Paragraph 294.

295. Plaintiffs deny the allegations in Paragraph 295.

296. Plaintiffs deny the allegations in Paragraph 296.

## **PRAYER FOR RELIEF**

A. Plaintiffs deny the allegations in Paragraph A of the Prayer for Relief and deny that the Estate is entitled to any relief.

B. Plaintiffs deny the allegations in Paragraph B of the Prayer for Relief and deny that the Estate is entitled to any relief.

C. Plaintiffs deny the allegations in Paragraph C of the Prayer for Relief and deny that the Estate is entitled to any relief.

D. Plaintiffs deny the allegations in Paragraph D of the Prayer for Relief and deny that the Estate is entitled to any relief.

E. Plaintiffs deny the allegations in Paragraph E of the Prayer for Relief and deny that the Estate is entitled to any relief.

F. Plaintiffs deny the allegations in Paragraph F of the Prayer for Relief and deny that the Estate is entitled to any relief.

G. Plaintiffs deny the allegations in Paragraph G of the Prayer for Relief and deny that the Estate is entitled to any relief.

H. Plaintiffs deny the allegations in Paragraph H of the Prayer for Relief and deny that the Estate is entitled to any relief.

I. Plaintiffs deny the allegations in Paragraph I of the Prayer for Relief and deny that the Estate is entitled to any relief.

J. Plaintiffs deny the allegations in Paragraph J of the Prayer for Relief and deny that the Estate is entitled to any relief.

* * *

## PLAINTIFFS' AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with the Estate, Plaintiffs assert the following defenses:

### FIRST DEFENSE

The Estate's Amended Counterclaims fail, in whole or in part, to state a claim on which relief can be granted.

**SECOND DEFENSE**

The Estate's Amended Counterclaims are barred, in whole or in part, by the applicable statutes of limitations and statutes of repose.

**THIRD DEFENSE**

The Estate's Amended Counterclaims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, and estoppel.

**FOURTH DEFENSE**

The Estate's Amended Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH DEFENSE**

The Estate's Amended Counterclaims are barred, in whole or in part, as contrary to public policy.

**SIXTH DEFENSE**

The Estate's Amended Counterclaims are barred, in whole or in part, because the Estate does not own a valid trademark or have intellectual property rights in "Robert Indiana."

**SEVENTH DEFENSE**

The Estate's Amended Counterclaims are barred, in whole or in part, because the Estate and/or Robert Indiana failed to comply with their contractual obligations to Plaintiffs.

**EIGHTH DEFENSE**

The Estate's Amended Counterclaims are barred, in whole or in part, because the Estate's alleged damages, if any, are speculative, and because of the impossibility of the ascertainment of those alleged damages.

## NINTH DEFENSE

The Estate's Amended Counterclaims are barred, in whole or in part, because the Estate lacks standing to bring the Amended Counterclaims.

## TENTH DEFENSE

The Estate is not entitled to recovery of attorneys' fees and costs.

## ELEVENTH DEFENSE

The Estate's Amended Counterclaims are barred, in whole or in part, because the Estate suffered no damages.

## TWELFTH DEFENSE

The Estate's Amended Counterclaims are barred, in whole or in part, for lack of subject matter jurisdiction.

## THIRTEENTH DEFENSE

The Estate's Amended Counterclaims are barred, in whole or in part, because the Estate and/or Robert Indiana failed to mitigate damages.

## FOURTEENTH DEFENSE

The Estate's Amended Counterclaims seeking injunctive relief are barred, in whole or in part, because the Estate suffered no irreparable harm.

## FIFTEENTH DEFENSE

The Estate's Amended Counterclaims seeking injunctive relief are barred, in whole or in part, because the Estate has an adequate remedy at law.

## SIXTEENTH DEFENSE

The Estate's Amended Counterclaims are barred, in whole or in part, because Robert Indiana authorized Plaintiffs' conduct concerning Indiana artworks.

### SEVENTEENTH DEFENSE

The Estate's Amended Counterclaims are barred, in whole or in part, because Robert Indiana authorized one or more of Plaintiffs' registration and operation of the domain name "www.RobertIndiana.com."

### EIGHTEENTH DEFENSE

The Estate's Amended Counterclaims are barred, in whole or in part, because Robert Indiana authorized one or more of Plaintiffs' registration and operation of the domain name "www.ricatalogueraisonne.org."

### NINETEENTH DEFENSE

The Estate's Amended Counterclaims are barred, in whole or in part, because Robert Indiana authorized one or more of Plaintiffs' preparation and publication of a Catalogue Raisonné of his complete oeuvre.

### TWENTIETH DEFENSE

The Estate's Amended Counterclaims are barred, in whole or in part, because any alleged contractual breach by Plaintiffs was not material.

### TWENTY FIRST DEFENSE

The Estate's Amended Counterclaims are barred, in whole or in part, because no amounts are due to Indiana under the April 1999 Agreement or Sculpture Agreement.

### TWENTY SECOND DEFENSE

The Estate's Amended Counterclaims are barred, in whole or in part, because Indiana knew and approved of MAF's transactions with Shearbrook.

### PLAINTIFFS' PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court:

A. Enter judgment in favor of MAF on MAF's First Amended Complaint (Dkt. 14) as set forth in the First Amended Complaint;

B. Dismiss the Estate's Amended Counterclaims in their entirety and order that the Estate takes nothing;

C. Enter judgment in favor of Plaintiffs on the Estate's Amended Counterclaims;

D. Award Plaintiffs their reasonable costs and attorneys' fees incurred in prosecuting the First Amended Complaint and having to defend against the Estate's Amended Counterclaims, pursuant to 17 U.S.C. § 505; and

E. Grant Plaintiffs such other and further relief as the Court deems just and proper.

Dated: February 11, 2020
      New York, New York

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Luke Nikas*

Luke Nikas
Maaren A. Shah
Ryan A. Rakower
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
lukenikas@quinnemanuel.com
maarenshah@quinnemanuel.com
ryanrakower@quinnemanuel.com

*Attorneys for Plaintiffs Morgan Art Foundation Limited, Figure 5 Art LLC, Shearbrook (US), LLC, RI Catalogue Raisonné LLC, and Simon Salama-Caro*